CENTRAL RAILROAD GARAGE CORP., Respondent, *v.* EASTERN
TRANSPORTATION COMPANY, INC., Appellant.

Argued March 5, 1954; decided May 27, 1954.

*David S. Elgot* for appellant. I. Either party had the absolute right to cancel the lease if defendant Eastern were not successful in obtaining possession of the premises. (*Dubois & Son* v. *Goldsmith Bros.*, 273 App. Div. 306; *Matter of Loew's Buffalo Theatres*, 233 N. Y. 495; *Scheele* v. *Waldman*, 136 App. Div. 679.) II. (a) The error of Mr. Justice QUINN of the Municipal Court in granting an unauthorized interim stay, and (b) the error of Mr. Justice BENNETT of the Municipal Court in having a concededly mistaken impression, should not be charged to defendant Eastern. III. The modification agreement is clear and unambiguous. (*Wood* v. *Sheehan*, 68 N. Y. 365.) IV. Actual physical possession was contemplated by the parties when they entered into the lease. (*N. R. M. Garage Corp.* v. *Feig Garage Corp.*, 279 App. Div. 126, 303 N. Y. 922.)

*Karl Propper* and *Morris K. Bauer* for respondent. I. The lease entered into by the parties is in full force and effect; the attempt to cancel was a complete nullity since defendant was in legal possession. (*Millie Iron Min. Co.* v. *Thalmann*, 34 App Div. 281; *Matter of Altman* v. *Joffe*, 138 Misc. 745; *People ex rel. Allen* v. *Murray*, 2 Misc. 152, 138 N. Y. 635; *Podalsky* v. *Ireland*, 137 App. Div. 257; *Fong Ling* v. *Nathans*, 204 App. Div. 265; *Gardner* v. *Keteltas*, 3 Hill 330; *United Merchants' Realty & Improvement Co.* v. *Roth*, 193 N. Y. 570; *Mirsky* v. *Horowitz*, 46 Misc. 257; *Whitmarsh* v. *Farnell*, 298 N. Y. 336;

*Tartaglia* v. *McLaughlin*, 297 N. Y. 419.) II. Appellant cannot insist upon a condition precedent, when its nonperformance has been caused by itself. (*Amies* v. *Wesnofske*, 255 N. Y. 156; *Wood* v. *Duff-Gordon*, 222 N. Y. 88; *Moran* v. *Standard Oil Co.*, 211 N. Y. 187; *Stern* v. *Gepo Realty Corp.*, 289 N. Y. 274; *Goldberg, 168–05 Corp.* v. *Levy*, 256 App. Div. 1086; *Reliable Press* v. *Bristol Carpet Cleaning Co.*, 261 App. Div. 256; *Greenwald* v. *Rosen*, 61 Misc. 260.)

DYE, J. The plaintiff, hereinafter called " Central ", as owner of premises 899 East 149th Street, Bronx, New York City, sued the defendant, hereinafter called " Eastern ", for three months' rent allegedly due under a written lease. The lease was executed September 7, 1951, for a term expiring September 30, 1972, a period of over twenty-one years. In making the lease the parties took into consideration that the premises were then occupied by a statutory tenant under a lease dated November 4, 1944, which, by its terms, had expired in 1947. Because of this the parties mutually agreed in a separate writing of even date that Eastern was to forthwith commence summary proceedings against the statutory tenant to obtain possession of the premises and if Eastern was " *unsuccessful in obtaining possession of the premises* * * * either one of us may cancel the lease by giving at least fifteen days' registered written notice of cancellation to the other prior to September 1, 1952, and in the event that such registered written notice is given, neither party shall have any rights against the other of any kind and the lease shall be considered terminated, null and void." (Emphasis supplied.)

Thereafter, Eastern promptly commenced summary proceedings against the statutory tenant and obtained a final order of eviction which was duly entered January 11, 1952. Its execution was initially stayed until June 13, 1952, the maximum allowable period (Commercial Rent Law, § 8, subd. [k], par. [1], as amd. by L. 1951, ch. 431). Nonetheless, the statutory tenant in a series of legal maneuvers, which need not be detailed here, succeeded in extending the stay to August 25, 1952. Faced with this situation and being mindful that the deadline date for cancellation was August 17th, Eastern gave registered written

notice of cancellation to Central under date of August 8, 1952, certifying that "we have been unsuccessful in obtaining possession of said premises". Central, some time later, rejected the notice of cancellation and demanded payment of the rent reserved in the lease.

At the time the cancellation notice was given, Central, Eastern and the statutory tenant did not know that the Municipal Court, to which the show cause order with interim stay to August 25th had been assigned for hearing on the oral argument, on its own initiative and without notice to any interested party, had denied the motion and vacated the stay. Its order was dated July 19th and entered in the clerk's office July 22d. When, later and on or about August 21st, the statutory tenant in possession learned of this inadvertent disposition, it applied for and was granted a further order to show cause containing a temporary stay which was made returnable August 29, 1952, and thereafter denied September 4th.

The notice of cancellation on its face at the very least was valid and effective. The burden of establishing the contrary rested with Central and in this it failed. It has not shown, for indeed it cannot, that the defendant Eastern who, concededly, had no knowledge of the vacatur, was dilatory in not obtaining a warrant of eviction between July 19th and the deadline date of August 17th. It is idle speculation to assume that had Eastern done so it would have been successful in obtaining possession by September 1st. According to this record, the statutory tenant was actually in possession, and was avoiding eviction by every means available, first by resorting to the protection of the Commercial Rent Law and then by means outside the statute. As late as August 21st, four days after the deadline, the holdover tenant was before a court of competent jurisdiction pleading for an extension of time and had been successful in obtaining a stay of execution which was not set aside until September 4th, four days after the agreed expiration date. As we read the cancellation clause it seems clear that the posses sion mentioned contemplated actual physical possession as distinguished from a bare legal or constructive possession. Quite obviously, Eastern needed the premises for its immediate and personal use, hence the option to cancel was conditioned

on obtaining possession of the premises. It is reasonable to assume that in making this ordinary business contract the possession the parties contemplated was actual and physical possession and, unless such possession was obtained on or prior to September 1, 1952, the lease was to be " considered terminated, null and void ".

The judgment appealed from should be reversed and the complaint dismissed, with costs in all courts.

DESMOND, J. (dissenting). Defendant, unfortunately for it, did not learn until much later that, on July 19, 1952, the statutory tenant's stay of eviction had been ended by a Municipal Court order, and that defendant was, therefore, entitled to evict the statutory tenant, forthwith. But the loss or damage resulting from defendant's failure so to inform itself of the entries on the Municipal Court docket cannot reasonably be visited on plaintiff who had nothing whatever to do with those eviction proceedings. The lease which defendant had taken, of this garage, put on defendant-lessee, not on plaintiff-lessor, the burden of getting the statutory tenant out of the building. To protect defendant against the possibility that such an ouster could not be effected by defendant, plaintiff-lessor agreed that defendant-lessee should have a whole year for that attempt, and that, if defendant should in the end be " unsuccessful in obtaining possession of the premises ", defendant might give notice, not later than August 17, 1952, of cancellation of the lease. Success in obtaining possession could not, in this context, mean anything other than defendant's obtaining, from the Municipal Court, a final order terminating all stays and authorizing immediate physical eviction. Such an order was in effect from July 19, 1952, to August 21, 1952, and the only reason defendant did not act on that order was defendant's own failure to keep itself informed of the progress of the proceeding which it had brought. Perhaps some of the blame for that failure should be laid to the Municipal Court's little comedy of errors, but this is not a debate between defendant and the Municipal Court, as to which was the more careless. Defendant was not " unsuccessful ", but it failed to act on its " success ". That there were such dire consequences of defendant's lapse is unfortunate,

but there is absolutely no ground for laying those consequences on the entirely guiltless plaintiff.

I vote for affirmance.

CONWAY, FULD, FROESSEL and VAN VOORHIS, JJ., concur with DYE, J.; DESMOND, J., dissents in an opinion in which LEWIS, Ch. J., concurs.

Judgment reversed, etc.